Judy A. LITZINGER–PATERA,
Plaintiff—Appellant,

v.

JO Anne B. BARNHART,
Defendant—Appellee.

No. 04–35300.

DC No. CV 03–0024 CSO.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2005.*

Decided Aug. 30, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Judy A. Litzinger–Patera ("Patera") challenges a denial of disability benefits by the Commissioner of Social Security Administration ("Commissioner"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because we conclude that substantial evidence supports the decision of the Administrative Law Judge ("ALJ"), we affirm the district court.

We review de novo the district court's grant of summary judgment in favor of the Commissioner. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Commissioner's decision to deny benefits is reviewed for substantial evidence. *Id.* We affirm under the substantial evidence standard if inferences reasonably drawn from the record support the Commissioner's findings. *Id.* When, as here, the Appeals Council denies review, we review the ALJ's opinion as the Commissioner's final decision. *Id.* at 1193 n. 1 (citing 20 C.F.R. § 404.981).

## I.

■ Patera first asserts that her multiple physical and mental impairments are cumulatively equivalent to three listed impairments and that the ALJ erroneously failed to consider the combined effect of her impairments in determining otherwise.[1] She argues that her combined impairments equal the criteria set forth in the Listings at 20 C.F.R. Part 404, Subpt. P, App. 1. §§ 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), and 12.08 (Personality Disorders).

Richard J. Martin, Linnell Newhall Martin & Schulke, PC, Great Falls, MT, for Plaintiff–Appellant.

George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts, we recite them here only as necessary to aid in the understanding of this disposition.

In order to demonstrate that her impairments cumulatively equaled a listed impairment, Patera was required to present medical findings equal in severity to all of the required criteria for that listing. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (citing 20 C.F.R. § 416.926(a) (1989)). Patera points to no specific medical findings that her combined impairments caused the kind of marked restrictions and difficulties that the category B and C portions of §§ 12.04, 12.06, and 12.08 require.[2] Moreover, our review of the record does not reveal medical evidence establishing that she met the requisite category B or C criteria.

Patera argues that the ALJ failed to perform an appropriate multiple impairments analysis, which requires consideration of the interactive effect of all impairments. The ALJ's analysis and findings, however, indicate that he did consider all of Patera's impairments. *Cf. Lester v. Chater*, 81 F.3d 821, 829–30 (9th Cir.1995) (holding that the ALJ erred in concluding that claimant did not meet or equal the requirements for an affective or personality disorder where the ALJ explicitly declined to consider limitations caused by pain attributable to physical impairments). While it may arguably have been better for the ALJ to have stated more explicitly that he considered the cumulative effects of Patera's multiple impairments, on this record we conclude that the ALJ's analysis was sufficient because there is no indication that the ALJ impermissibly isolated the effects of Patera's mental impairments from those of her physical impairments.

Accordingly, we conclude that substantial evidence supports the ALJ's determination that Patera's impairments did not meet or equal the criteria in any of the Listings.

## II.

Patera also argues that the ALJ erred in assessing her residual functional capacity by rejecting certain opinions of two of her treating physicians, Drs. Ward and Hanson, and one of her examining psychologists, Dr. Rushworth.

■ The ALJ apparently discounted Dr. Ward's earlier assessments of Patera because they conflicted with his much more detailed August 2001 findings. While the ALJ did not clearly explain his reasoning, record evidence supports his implicit conclusion that the earlier assessments were questionable in light of the later findings. The earlier assessments contain no objective findings and few details to support Dr. Ward's conclusions, while the August 2001 findings are based on x-rays and an exam, and include detailed observations. *See Batson*, 359 F.3d at 1195. Substantial evidence thus supports the ALJ's decision to discount Dr. Ward's earlier assessments.

■ In rejecting Dr. Hanson's conclusions, the ALJ observed that Dr. Hanson did not cite any objective findings and that her progress notes appeared primarily to address Patera's mental condition. He went on to explain that he gave little weight to a mental-function assessment signed by Dr. Hanson and Suzanne Lockwood, a registered nurse, because much of Patera's treatment was rendered by Ms. Lockwood and because its findings were not supported by the record or Patera's testimony. *See* 20 C.F.R. § 404.1513 (listing acceptable medical sources). The lack of objective findings supporting Dr. Han-

**2.** Patera asserts that the ALJ erroneously failed to consider her personality disorder. As the district court observed, however, the ALJ implicitly considered § 12.08, the Personality Disorder Listing, by considering the identical category B criteria in §§ 12.04 and 12.06.

son's conclusions and the record evidence that much of Patera's treatment came from Nurse Lockwood constitute specific and legitimate reasons for discounting Dr. Hanson's opinions.

Finally, the ALJ gave little weight to examining psychologist Dr. Rushworth's March 2001 opinion. He noted that Dr. Rushworth's opinion was inconsistent with the January 2001 report of examining psychologist Dr. Stehman. He then observed that Dr. Stehman's findings were similar to those of Dr. Kuka, a non-examining psychologist and medical expert who testified at the hearing. The fact that Dr. Rushworth's opinions conflicted with those of Dr. Stehman and Dr. Kuka constitutes a specific and legitimate reason to discount her opinion.

We thus conclude that specific and legitimate reasons sustained by substantial evidence support the ALJ's decision to discount certain opinions of Drs. Ward, Hanson, and Rushworth. Accordingly, the district court properly granted summary judgment in favor of the Commissioner.

### Conclusion

For the foregoing reasons, the district court's grant of summary judgment is **AFFIRMED**.